■ IRENE EPSTEIN, Respondent, v. MURRAY EPSTEIN, Appellant.— In an action for a judical separation, the defendant husband appeals from an order of the Supreme Court, Queens County, dated February 17, 1964, which: (a) denied his motion to vacate the plaintiff wife's notice to examine him before trial as to his "financial condition and ability to pay alimony;" (b) directed him to submit to such examination; and (c) in effect, directed him to produce upon the examination the books and records specified in the notice, namely: for the five-year period 1959 to 1963 (inclusive), all his income tax returns; and for the six-year period 1959 to date, all his checkbook stubs, cancelled checks, stocks, bonds, records of income and expenses, etc., and "any and all other books and records relating to" his "income and assets during that period." Under the notice defendant is, in effect, required to submit to oral examination with respect to his finances for the past six years. Order modified on the facts and in the exercise of discretion as follows: (1) by striking out its three decretal paragraphs denying the defendant's motion to vacate the notice and directing him to submit to examination pursuant to such notice; (2) by substituting therefor a paragraph granting the defendant's motion in part and denying it in part, to the extent specified herein, and modifying plaintiff's notice accordingly; and (3) by adding a paragraph directing the husband to submit to a pretrial examination as to his financial condition and ability to pay alimony; limiting such examination to the two-year period, January 1, 1962 to December 31, 1963, inclusive; and directing the husband to produce, for use upon such

**800**

examination, his books and records showing all his income and expenditures for such two-year period, and his books and records showing all his capital assets and his present net worth. As so modified the order is affirmed, without costs. The examination shall proceed on 10 days' written notice or at such time and place as the parties may mutually stipulate in writing. While under the circumstances here the Special Term properly exercised its discretion in granting an examination, in our opinion the examination as directed is too extensive. In order to determine the defendant's present financial ability to pay alimony it is unnecessary to examine him for more than the recent two-year period; and it is sufficient if he produces such books and records as will reflect his actual income and expenses for such period, and as will show all his capital assets and his present net worth. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.